UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CORLEEN M. DAVENPORT,
            Plaintiff,

        v.                              Civil Action No.
                                        10-10178-LTS
DEAN J. LeCAIN, ET AL.,
            Defendants.

<u>ORDER FOR REASSIGNMENT AND
REPORT AND RECOMMENDATION</u>

SOROKIN, M.J.

On January 28, 2010, Plaintiff Corleen Davenport
("Davenport") filed a self-prepared Complaint against the Estate
of the late Dean J. LeCain ("LeCain") and LeCain's sister,
Pauline Horning, in her capacity as the Administratrix of
LeCain's estate.  In brief, Davenport seeks monetary damages for
the alleged second degree murder by LeCain of her infant daughter
in the 1980's.

On March 2, 2010, this Court issued a Memorandum and Order
(Docket No. 4) granting Davenport's Motion for Leave to Proceed
*in forma pauperis*, and noting that the Complaint was skeletal and
that it was unclear whether Davenport sought to assert a claim
based on wrongful death, or whether she was attempting to enforce
a civil judgment against LeCain that she may have obtained
previously through an attorney.  This Court also noted that
because of the uncertainty of her legal cause of action, her
Complaint failed to comport with the pleading requirements of
Rules 8 and 10 of the Federal Rules of Civil Procedure.
Moreover, the Memorandum and Order also outlined the basis for a

preliminary finding that Davenport failed to set forth any claim
sufficient to invoke the subject matter jurisdiction of this
Court.

In light of this, Davenport was directed to show cause
within 35 days of the date of the Memorandum and Order why this
action should not be dismissed for lack of subject matter
jurisdiction and/or for failure to state a claim upon which
relief may be granted.

In response, on March 26, 2010, Davenport filed a Motion to
Amend Complaint (Docket No. 5), in which she indicated that she
wished to amend the Compliant to specify that her cause of action
is "a wrongful death suit under the basis of pendent
jurisdiction." Id. at 1.

### ORDER FOR REASSIGNMENT

While this Court is not unsympathetic to Davenport's plight,
the Court is of the view that, for the reasons set forth below,
this action should not be permitted to proceed any further.
Therefore, this Court will direct that the file be returned to
the Clerk's Office for REASSIGNMENT to a District Judge for
further proceedings.

### RECOMMENDATION TO THE DISTRICT JUDGE

Because this Court lacks pendent subject matter jurisdiction
over any wrongful death suit where no original subject matter
jurisdiction existed in the first instance, this Court RECOMMENDS
to the District Judge to whom this case is reassigned that

2

Davenport's Motion to Amend Complaint (Docket No. 5) be <u>DENIED</u> as unfounded, and that this action be <u>DISMISSED</u> in its entirety for lack of subject matter jurisdiction and for the reasons previously set forth in the Memorandum and Order (Docket No. 4).[1]

As an additional ground for the recommendation for denial of the Motion to Amend Complaint and for dismissal *sua sponte*, the Court notes that even if this Court had subject matter jurisdiction over Davenport's wrongful death suit, her claim for a wrongful death, <u>occurring in the 1980's</u>, is not cognizable and is frivolous as that term is used in legal parlance, because she failed to file suit within statute of limitations.  <u>See</u> Mass. Gen. Laws ch. 299, § 2 (providing, in relevant part, that "[a]n action to recover damages ... [for wrongful death] ... shall be commenced within three years from the date of death ....").[2]

It is true that a Complaint may be dismissed on statute of

---

[1]<u>See</u> <u>Cao v. Puerto Rico</u>, 525 F.3d 112, 116 (1st Cir. 2008)(noting that where no federal cause of action remained, under 28 U.S.C. § 1367(c), the district court had discretion to decline to exercise supplemental jurisdiction over remaining state law claims, citing <u>Morales-Santiago v. HernándezPérez</u>, 488 F.3d 465, 472 (1st Cir. 2007), and noting that because the state law claims were dismissed without prejudice, the plaintiff was free to assert them in the appropriate state forum, citing <u>Orta-Castro v. Merck, Sharpe & Dohme Química P.R., Inc.</u>, 447 F.3d 105, 114 (1st Cir. 2006)).

[2]"The primary purpose of a statute of limitations is to prevent plaintiffs from sleeping on their rights and to prohibit the prosecution of stale claims."  <u>Barrett ex rel. Estate of Barrett v. U.S.</u>, 462 F.3d 28, 41 n11 (1st Cir. 2006) <u>quoting</u> <u>Edes v. Verizon Communications, Inc.</u>, 417 F.3d 133, 142 (1st Cir. 2005).

limitations grounds "only if 'the pleader's allegations leave no doubt that an asserted claim is time-barred.'"  Young v. Lepone, 305 F.3d 1, 8 (1st Cir. 2002)(quoting LaChapelle v. Berkshire Life Ins. Co., 142 F.3d 507, 509 (1st Cir. 1998)).  However, the United States Court of Appeals for the First Circuit has held that "a complaint which states a claim that appears to have expired under the applicable statute of limitations may be dismissed as frivolous" under the in forma pauperis statute. Johnson v. Rodriguez, 943 F.2d 104, 107 (1st Cir. 1991), cert. denied, 502 U.S. 1063 (1992)(quoting Street v. Vose, 936 F.2d 38, 39 (1st Cir. 1991), cert. denied, 502 U.S. 1063 (1992)).

In light of this, any amendment to the Complaint to assert a wrongful death claim would be an exercise in futility and would amount to a waste of judicial resources.  See Chiang v. Skeirik, 582 F.3d 238, 243-44 (1st Cir. Sept. 28, 2009)(finding no abuse of discretion in district court's denial of plaintiff's motion for leave to second amend the complaint because any amendment would be futile).

## NOTICE OF RIGHT TO OBJECT

Davenport is hereby advised, pursuant to Rule 72, Fed. R. Civ. P., that if she objects to this recommendation, she must file specific written objections thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation.  The written objections must specifically

identify the portion of the recommendation, or report to which objection is made and the basis for such objections.  Davenport is further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b), Fed. R. Civ. P., shall preclude further appellate review.  See Keating v. Secretary of Health and Human Services, 848 F.2d 271 (1st Cir.1988); United States v. Emiliano Valencia-Copete, 792 F.2d 4 (1st Cir.1986); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); United States v. Vega, 678 F.2d 376, 378-379 (1st Cir.1982); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir.1980); see also Thomas v. Arn, 474 U.S. 140 (1985).

## CONCLUSION

Based on the foregoing, it is hereby Ordered that:

1. This action shall be REASSIGNED to a District Judge; and

2. This Court RECOMMENDS to the District Judge to whom this case is assigned that Plaintiff's Motion to Amend Complaint (Docket No. 5) be DENIED and that this action be DISMISSED *sua sponte* in its entirety.


SO ORDERED.

/s/ Leo T. Sorokin
LEO T. SOROKIN
UNITED STATES MAGISTRATE JUDGE

DATED: April 19, 2010

5